[No. 10,580.—Department Two.]

## EX PARTE M. A. A. WOLFF.

BAIL—MURDER—ABORTION.—The petitioner was indicted for murder, and the evidence showed that the death resulted from certain acts of the petitioner done with intent to procure an abortion, but there was no evidence to show actual intent to kill; *held*, that the petitioner should be admitted to bail.

PETITION for the writ of habeas corpus, against the sheriff of the City and County of San Francisco.

*J. D. Sullivan*, for Petitioner.

*D. L. Smoot*, District Attorney, for Respondent.

MORRISON, C. J.:

The petitioner is charged with the crime of murder, alleged to have been committed in the city and county of San Francisco, on the thirteenth day of October, 1880. The evidence shows, or tends to show, that the petitioner used certain drugs, and employed certain mechanical means upon the person of' one Benedicta Swenson, with the intent to procure an abortion, from the effects of which she died. The committing magistrate held the petitioner without bail, and this is an application to the Court to admit him to bail.

Article i, § 6, of the Constitution declares, that "all persons shall be bailable by sufficient sureties, unless for capital offenses where the proof is evident or the presumption great."

Is this a capital case, in which the proof is evident or the presumption great? If it is not, it follows that bail should be taken. It is claimed, on the part of the prosecution, that the evidence proves that the prisoner has committed the crime of murder in the first degree, and such must have been the views taken by the Police Judge's Court.

Section 189 of the Penal Code provides, that "all murder which is perpetrated by means of poison, or lying in wait, torture, or by any other kind of willful, deliberate, and premeditated killing, or which is committed in the perpetration or attempt to perpetrate arson, rape, robbery, burglary, or mayhem, is murder of the first degree, and all other kinds of murder are of the second degree."

The case of the *People* v. *Nichol*, 34 Cal. 214, is an instructive one on this subject. The Court there says: "In this class, the Legislature leaves the jury to determine, from all the evidence before them, the degree of the crime; but prescribes for the government of their deliberations the same test which has been used by itself in determining the other two classes, to wit: the deliberate and preconceived intent to kill. It is only in the latter class of cases that any difficulty is experienced in drawing the distinction between murder of the first and murder of the second degree. The unlawful killing must be accompanied with a deliberate and clear intent to take life, in order to constitute murder of the first degree. The intent to kill must be the result of deliberate premeditation."

This is in harmony with the statute, which makes all murder of the first degree (except that which is perpetrated by means of poison, lying in wait, etc.) depend upon the fact of its being willful, deliberate, and premeditated.

We find nothing in the evidence to justify the conclusion that the petitioner intended to kill the deceased. The most that can be said is, that he intended to produce an abortion upon a woman who was not more than six weeks advanced in pregnancy. The act was an unlawful and dangerous one, and was done intentionally. At the common law, such a crime is murder; and by that law there is but one degree of murder.

But we are not without authority on this subject outside of the Code, and independent of our own decisions. In Wharton's Criminal Law, § 390, the principle is thus stated: "As has been already noticed, if a pregnant woman be killed in an attempt to produce abortion on her, and it appears that the design of the operation was not to take the life of the mother, the offense has been held murder in the second degree." In the case of *Commonwealth* v. *Keeper of the Prison*, 2 Ashm. 227, the Court says: "Although by the common law such crime would have been murder, yet, in Pennsylvania, it can hardly be regarded as exceeding that crime in the second degree, unless there existed in the perpetration of the mischief an intent as well to take away the life of the mother as to destroy her offspring. It is the nature of the intention with which the criminal act is committed that constitutes the great distinguishing feature between

murder as it stands at the common law and murder as it is understood in the Penal Code of this Commonwealth. Where the illegal act which produces death is malicious, and perpetrated with an intent to take life, the offense becomes murder of the first degree, and punishable with death ; when no such intent is apparent, the crime is reduced to murder of the second degree." See also the *State* v. *Moore*, 25 Iowa, 128.

In the view of the case above presented, the offense with which the petitioner is charged is a bailable one, and it is therefore ordered that he be admitted to bail in the sum of $8,000, the bond to be approved in the manner prescribed by law.

MYRICK, J., and SHARPSTEIN, J., concurred.